[No. H036216. Sixth Dist. Sept. 20, 2011.]

AMERICAN EXPRESS CENTURION BANK, Plaintiff and Respondent, v. ROBERT V. ZARA, Defendant and Appellant.

## COUNSEL

Robert V. Zara, in pro. per., for Defendant and Appellant.

Bleier & Cox and Richard E. Golden for Plaintiff and Respondent.

## OPINION

**PREMO, J.**—Plaintiff American Express Centurion Bank sued defendant Robert V. Zara for damages. Defendant moved to quash service of summons and the complaint on the ground that he was not served. The trial court denied the motion after reasoning that defendant had actual notice. It then granted defendant 10 days leave to file an answer. Defendant elected not to answer, and the trial court entered a default. It later rendered a default judgment against defendant for $61,988.85. On appeal, defendant contends that the trial court erroneously denied his motion to quash. We agree. We therefore reverse the judgment with directions.

## APPEALABILITY AND SCOPE OF REVIEW

 A defendant who seeks review of an order denying a motion to quash must ordinarily petition the appellate court for a writ of mandate. (Code Civ. Proc., § 418.10, subd. (c).)[1] However, "a defendant may reserve his jurisdictional objection on appeal if, after the denial of his motion to quash, he makes no general appearance but suffers a default judgment." (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 258 [74 Cal.Rptr. 389, 449 P.2d 453].)

 "[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 [29 Cal.Rptr.2d 746].)

 When a defendant argues that service of summons did not bring him or her within the trial court's jurisdiction, the plaintiff has "the burden of proving the facts that did give the court jurisdiction, that is the facts requisite to an effective service." (*Coulston v. Cooper* (1966) 245 Cal.App.2d 866, 868 [54 Cal.Rptr. 302].)

"When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." (*Griffith Co. v. San Diego Col. for Women* (1955) 45 Cal.2d 501, 508 [289 P.2d 476].) But we "independently review [the trial court's] statutory interpretations and legal conclusions [citations]." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230 [113 Cal.Rptr.3d 147] (*Gorham*).)

## BACKGROUND

The parties tried the motion to quash on defendant's moving papers.

Defendant submitted the proof of service that plaintiff had filed with the trial court. It stated that a registered process server had served "Robert V. Zara party in item 3.a., Asian, Male, 65 Years Old, Black Hair, Brown Eyes, 5 Feet 6 Inches, 160 Pounds" at "435 Rosewood Ave San Jose, CA 95117." It further stated: "I served the party: a. **by personal service**. I personally

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Sat., Jan. 30, 2010 (2) at: 6:43PM." And it noted that "The 'Notice to the Person Served' (on the Summons) was completed as follows: a. as an individual defendant."

Defendant submitted his own declaration that stated the following: "2. I first noticed a Summons and Complaint in this action at my doorstep, upon returning to my home at or about 8PM on January 31, 2010. [¶] 3. Plaintiff's proof of summons, filed in court, describes me as Asian with black hair. [¶] 4. I am not Asian; nor have I black hair; nor are there any members of my household who fit that description, as was provided for me in plaintiff's proof of service. I have lived alone as the sole member [of] my household for at least the last ten years. There are no other competant [sic] members of my household who could have competantly [sic] received the complaint and summons for this action."

Defendant urged that "It will be obvious that defendant is not Asian and has mostly graying hair, (although colored light brown for the last 5 years, to disguise the gray.)."

Plaintiff argued that the service of process statutes are to be liberally construed and defendant acknowledged "actual notice of the service of the lawsuit in his declaration." It concluded: "Since the purpose of the service statutes is to assure that due process is satisfied, and since in this case, the defendant had actual knowledge of the service, and since the provisions of the service statutes are to be liberally construed to effect service and uphold jurisdiction if actual notice has been received by the defendant, this service should be upheld as valid."

At the hearing, defendant argued as follows: "And the only point I am making is that liberally construed can only go so far before it becomes—well, it at least must have an attempt to identify the person and an attempt to physically hand the summons to someone. Neither of those were done. And the service was left there for over 24 hours. And if liberally construed can be stretched that far, then it would effectively render the entire meaning of [section 415.10] vacant and it would invite servers to fraudulently submit to the court proof of summons which is possibly what happened in my case."

The trial court agreed with plaintiff: "Service rules are to be liberally construed to effect service and uphold jurisdiction when actual notice has been received by the Defendant. [Citation.] Here, Defendant actually received a copy of the summons and complaint in this case as a result of the service."

## DISCUSSION

The parties reiterate their arguments on appeal.

■ The Code of Civil Procedure specifies the various methods by which service may be made upon defendants who are sued as individuals.

The method described as "personal service" means service that is accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served." (§ 415.10.) If the complaint and summons were personally delivered to, i.e., handed to, defendant then he could be said to have been "personally served."

A defendant may also be "personally" served by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant. (§ 416.90; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2011) ¶¶ 4:128 to 4:132, pp. 4-19 to 4-21 (rev. # 1, 2010); ¶ 4:184, p. 4-27 (rev. # 1, 2004) (hereafter Weil & Brown, Civil Procedure Before Trial).) An authorized agent might include, for example, an attorney who has been expressly authorized to accept service, or a sheriff or jailer having custody of a prisoner. (Weil & Brown, Civil Procedure Before Trial, *supra*, ¶ 4:128, p. 4-19, ¶¶ 4:130.2, 4:132, pp. 4-20 to 4-21.)

Another alternative available for serving individual defendants is what is commonly known as "substitute service." Substitute service on an individual is accomplished by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." (§ 415.20, subd. (b).)

■ However, an individual may be served by substitute service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. (§ 415.20, subd. (b); *Evartt v. Superior Court* (1979) 89 Cal.App.3d 795, 801 [152 Cal.Rptr. 836].) Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as " 'reasonable diligence.' " (Weil & Brown, Civil Procedure Before Trial, *supra*, ¶ 4:196, p. 4-30 (rev. # 1, 2006).)

As is apparent from the facts, the issue in this case centers upon personal service, not substitute service.

■ According to section 684.220, subdivision (b), proof of service made pursuant to section 415.10 "may be made by affidavit of the person making the service showing the time, place, and manner of service and the facts showing that the service was made in accordance with the applicable statutory provisions. The affidavit shall recite or in other manner show the name of the person to whom the papers served were delivered and, if appropriate, the title of the person or the capacity in which the person was served." Evidence Code section 647 provides that a registered process server's declaration of service establishes a presumption affecting the burden of producing evidence of the facts stated in the declaration. (See also *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795 [69 Cal.Rptr.2d 457] [filing of proof of service that complies with the applicable statutory requirements creates a rebuttable presumption of proper service].)

■ Here, the proof of service filed by plaintiff included the declaration of a registered process server averring that he personally served defendant at the Rosewood Avenue address on January 30, 2010. Because of the statutory presumption, defendant was thus required to produce evidence that he was not served.

Defendant declared that he was not served. Though the trial court was not required to accept this self-serving evidence contradicting the process server's declaration, the proof of service on its face indicates that the process server did not comply with the rules governing service. It shows personal service upon defendant himself and describes defendant as an Asian with black hair, a description that does not fit defendant.[2] The proof of service was therefore untruthful. Alternatively, the proof of service does not show personal service upon defendant by leaving a copy with someone other than defendant together with some indication that such person was authorized to accept service on defendant's behalf. The proof of service therefore cannot be construed as attesting to authorized-agent personal service. In the absence of evidence from the process server, the uncontradicted evidence is that the process server did not personally serve defendant. Plaintiff therefore did not carry its burden of proving the facts requisite to an effective service.

Plaintiff argues that the papers defendant received gave him actual notice that he was being sued and, thus, the service was valid because it substantially complied with the statutory requirements.

■ "We question whether such a rationale can ever sustain a default judgment over a defendant's objection that service did not comply with

---

[2] In addition to defendant's declaration that the description did not fit, the trial court and plaintiff did not contradict this aspect of defendant's declaration when they saw defendant at the motion hearing.

statutory requirements. Assuming it can, a finding of substantial compliance can only be sustained where (1) the record shows partial or colorable compliance with the requirement on which the objection is predicated; (2) the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend; and (3) the manner and objective circumstances of service were such as to make it highly likely that it would impart such notice." (*Carol Gilbert, Inc. v. Haller* (2009) 179 Cal.App.4th 852, 855 [101 Cal.Rptr.3d 843] (*Gilbert*).) The first of these requirements was not met in this case.

In *Gilbert*, the plaintiff sought to join Haller as a Doe defendant, but the summons served on him omitted the statutory notice that he was served by that fictitious name. Rather, the summons stated that Haller was being served as an individual defendant. Haller did not answer, and the trial court ultimately entered a default judgment against him. Haller then sought to vacate the judgment as void. We concluded that the summons neither complied nor substantially complied with the statutory notice requirement. In our discussion of the doctrine of substantial compliance, we made the following observations: "We think a distinction should be drawn between the sufficiency of service to *support a default judgment*, and the sufficiency of service for other purposes, including to *avoid dismissal* for want of prosecution. Indeed, such a reading is implied by the statute itself, which provides that where the summons does not contain the statutory notice, 'no default or default judgment shall be entered.' (§ 474; see § 412.30 ['If such notice does not appear . . . no default may be taken . . . .'].) The rule of liberal construction of service rules is designed to ' "uphold jurisdiction of the court, *thus insuring the opportunity for a trial on the merits.*" ' [Citation.] . . . [¶] At worst, where defects in service are asserted in derogation of a default judgment, it may be said that both parties are at fault—the plaintiff for not ensuring that service fully complied with the governing statutes, and the defendant for ignoring whatever service was attempted. The question must therefore be *who should bear the burden* of the difficulty thus created. Arguably, that question should be resolved against the plaintiff, on the grounds both that his is the first and best opportunity to obviate the difficulty, and that the defendant will otherwise incur a forfeiture. The situation is different, however—it is essentially reversed—when the defendant comes into court acknowledging that he has been sued, but seeking to *dismiss the action* on the ground that the service, though practically effective, was technically defective. Now it is the plaintiff who is exposed to the forfeiture of his case, and the defendant who seeks to prevent an adjudication on the merits." (*Gilbert, supra*, 179 Cal.App.4th at p. 865.)

Here, the record does not show partial or colorable compliance with the requirement on which the objection is predicated. The process server untruthfully declared that he had personally served defendant. And defendant is not

seeking to avoid adjudication of the merits of plaintiff's claim. He is seeking to avoid a default judgment. Under the circumstances, the undisputed actual notice to defendant cannot suffice to uphold the jurisdiction of the court.

■ We acknowledge that in *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773 [108 Cal.Rptr. 828, 511 P.2d 1180], the court concluded that the service of process statutes should be " ' "liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." ' " (*Id.* at p. 778.) Actual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction. "[N]o California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 414 [44 Cal.Rptr.3d 338] (*Summers*).)

In *Summers*, the trial court had denied a motion by the defendant, a natural person, to set aside a $3.7 million default judgment. Personal service had been made via authorized-agent service. The trial court found that the recipient of the summons had not been authorized to accept service on the defendant's behalf, but nonetheless upheld the service on grounds that it substantially complied with the statute in that the original recipient had forwarded the summons and complaint to the defendant's usual attorney, who corresponded with the plaintiff's attorney about it. On appeal, the court found that the service was invalid: "The only evidence relied on by Summers to support the validity of the service on McClanahan through Lawrence was the fact the summons and complaint made their way from Lawrence to McClanahan's attorney, Edwards, who notified McClanahan of the suit. Summers's rationale would appear to be if service of process, even if totally outside the statutory prescriptions, has somehow resulted in actual notice to the defendant in time to defend the action, then any defects in the manner of service should be overlooked. As we previously observed, no California appellate opinion has adopted this rationale and, we think, for good reason. [¶] Adopting Summers's rationale would constitute a judicial repeal of California's statutory law governing service of process and the adoption of only one rule: A summons may be served on anyone, anywhere, by any means which results in actual notice of the action in time to defend. Clearly this is not what the Supreme Court had in mind when it held the revised service of process law should be liberally construed. One benefit of the liberal construction rule is its tendency to eliminate unnecessary, time-consuming, and costly disputes over service of process issues. An 'actual notice' rule would do just the opposite. It would create a standardless free-for-all in which defendants would bring motions to quash service claiming they never

received actual notice and, in many cases, plaintiffs would be unable to prove otherwise. In addition, such a rule would put a premium on defendants developing creative ways of evading service thereby thwarting the fundamental principle [that] disputes should be resolved in courts, on the merits." (*Summers, supra,* 140 Cal.App.4th at p. 415; see also *Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1049 [12 Cal.Rptr.2d 861] [service on Japanese corporation that did not conform to the Hague Convention held invalid, even though defendant admitted receipt of the papers— " 'Mere knowledge of the action is not a substitute for service, nor does it raise any estoppel to contest the validity of service.' "].)

Like the plaintiff in *Summers,* plaintiff here served the wrong person (if it served anyone at all).

Moreover, this case involves no mere technical defect in service. It presents the nuance that jurisdiction over defendant was obtained by a false proof of service. (*Gorham, supra,* 186 Cal.App.4th 1215.)

In *Gorham,* the court held that the trial court had abused its discretion by denying the defendant's motion to vacate an almost 10-year-old default judgment against him in a paternity and child support action. The defendant had submitted uncontested evidence demonstrating that the proof of service stating that he had been personally served was fraudulent because he was in fact incarcerated at the time he was said to have been served. The trial court acknowledged the false proof of service but held that the motion was untimely. On appeal, the court observed that the false proof of service, "in the absence of evidence showing any mistake or excuse in doing so, constitutes evidence of an intentional false act that was used to obtain fundamental jurisdiction over [the defendant]." (*Gorham, supra,* 186 Cal.App.4th at pp. 1231–1232.) It then disagreed with the trial court's analysis because "fundamental jurisdiction was obtained through an intentional fraud on the court." (*Id.* at p. 1233.)

Here, as in *Gorham,* there is no explanation for the false proof of service and, thus, fundamental jurisdiction over defendant was obtained through an intentional fraud on the court. In short, the uncontradicted evidence is that plaintiff failed to comply substantially with the personal service statutes, even construing the statutes liberally. (*Davis v. Allstate Ins. Co.* (1989) 217 Cal.App.3d 1229, 1232 [266 Cal.Rptr. 668] ["Where a reasonable attempt has been made to comply with a statute in good faith, and there was no attempt to mislead or conceal, the doctrine of substantial compliance holds that the statute may be deemed satisfied."].)

## DISPOSITION

The judgment is reversed. The trial court is directed to set aside its order denying defendant's motion to quash and to enter an order granting defendant's motion to quash. Defendant is awarded his costs on appeal.

Rushing, P. J., and Elia, J., concurred.