Filed 1/14/14  Yeomans v. High Country Villas Management Corp. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CINDY YEOMANS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>HIGH COUNTRY VILLAS MANAGEMENT CORPORATION,<br><br>Defendant and Respondent. | D062268<br><br><br><br>(Super. Ct. No. 37-2009-00050129-CU-PO-NC) |


APPEAL from an order of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.


Law Offices of Dawn T. Simon, Dawn T. Simon and Charles D. Collom, for Plaintiff and Appellant.

Epsten Grinnell & Howell, Rian W. Jones, Anne L. Rauch, Carrie M. Timko, and Jillian Grinnell, for Defendant and Respondent.

Plaintiff Cindy Yeomans appeals the trial court's order setting aside default and vacating default judgment against defendant High Country Villas Management Corporation (High Country). Yeomans also appeals the trial court's order denying her motion for reconsideration.[1] We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2009, Yeomans filed suit in San Diego Superior Court, seeking damages for injuries she sustained when she fell in January 2007 and May 2008. Shortly thereafter, she filed an amended complaint, substituting a defendant, who is not involved in this appeal, for Doe 1. Neither the original complaint nor the amended complaint named High Country as a defendant.

On May 12, 2010, Yeomans again amended her complaint and mistakenly substituted High Country for Doe 1. By this point, Yeomans had settled her claims against some or all of the original defendants and sought to pursue High Country, which the other defendants claimed was the "truly liable party."

On July 19, 2010, Yeomans filed a request for entry of default against High Country. The court denied the request, noting that it incorrectly sought default on the original complaint and that Yeomans had not filed a proof of service of the second amended complaint. On October 6, 2010, Yeomans filed a proof of service indicating that her attorney personally served High Country at two different locations on May 27, 2010.

---

1        As explained below, although reconsideration orders are not separately appealable, we review the trial court's reconsideration order as part of our review of the underlying order.

2

On October 6, 2010, Yeomans filed a second request for entry of default. However, the court denied the request because the October 2010 proof of service lacked the name of the person authorized to accept service on behalf of High Country.

On November 29, 2010, Yeomans requested that default be entered for a third time. The court again denied the request because a corrected proof of service was not on file. On January 7, 2011, Yeomans filed another amended proof of service. This proof again incorrectly indicated Yeomans served copies of the original complaint, rather than the amended complaint adding High Country.

Although the record does not contain Yeomans's fourth request for entry of default, on March 28, 2011, the court held a hearing and entered a $500,000 default judgment against High Country. While Yeomans served the judgment on the other defendants, the record does not contain proof that she served it on High Country.

In March 2012, more than a year after the court entered judgment, Yeomans's counsel contacted High Country and stated he intended to initiate foreclosure proceedings if High Country did not satisfy the judgment. According to the declarations High Country's representatives filed in the trial court, this was the first time they became aware of the lawsuit and the $500,000 judgment.

On April 12, 2012, High Country filed a motion to set aside default and vacate the default judgment under Code of Civil Procedure section 473, subdivision (d),[2] which allows courts to vacate void judgments, and section 473.5, which allows courts to vacate

_____

[2]      Unless otherwise noted, all statutory references are the Code of Civil Procedure.

default judgments when "service of a summons has not resulted in actual notice to a party in time to defend [an] action." (§ 473.5, subd. (a).) Among other things, High Country argued (1) the default judgment was void due to defective service of process and that (2) it never received notice of the lawsuit, entry of default, or default judgment. High Country filed declarations from its representatives and agent for service of process, both stating they never received these notices. In opposition, Yeomans argued High Country had notice of the lawsuit because her attorneys had personally served it at two locations.

On May 7, 2012, the court granted High Country's motion, set aside default, and vacated the judgment. The court granted the motion, in part, because it found the January 2011 proof of service was defective.

On May 14, 2012, Yeomans moved for reconsideration, arguing, among other things, that High Country's motion was untimely under section 473, subdivision (b),[3] which sets a six-month limit to bring a motion for relief from a judgment entered against a party as a result of mistake, inadvertence, surprise, or excusable neglect. Yeomans also sought to "offer evidence of proper service" in the form of another amended proof of service.

On June 15, 2012, the court denied the motion for reconsideration. The court first found Yeomans had not provided new law, facts, or circumstances to justify reentry of default or default judgment. Next, the court found it had originally correctly found that Yeomans had not properly served High Country on January 7, 2011. Although the court

---

[3]     Although Yeoman never specifically cites subdivision (b) she refers to the six-month time limit that appears only in this subdivision and nowhere else in section 473.

4

accepted the amended proof of service Yeomans submitted with her reconsideration motion, the court reaffirmed its original findings because "policy favors trial on the merits and [High Country] has indicated a reasonable defense."[4]

On July 5, 2012, Yeomans timely appealed. She contends that High Country's motion was untimely under section 473, subdivision (b), and that the trial court erred when it denied her motion for reconsideration after it accepted the amended proof of service.

STANDARD OF REVIEW

We review an order setting aside default and vacating default judgment for abuse of discretion. (*Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) As we do so, we bear in mind that the trial court's findings "should only be held to be an abuse of discretion if it 'exceed[s] the bounds of reason.' " (*Ibid.*)

DISCUSSION

A. Appealability of the Reconsideration Order

High Country challenges the appealability of the reconsideration order, arguing that it is not appealable under any circumstances.

Under section 1008, "[a]n order denying a motion for reconsideration . . . is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as

---

[4]     The reasonable defense the court referred to was High Country's proffer of evidence that it claimed showed Yeomans's injury did not occur on High Country's property. Thus, High Country argued it was not liable for her injuries.

5

part of an appeal from that order."  (§ 1008, subd. (g); *see also Young v. Tri-City*

*Healthcare Dist.* (2012) 210 Cal.App.4th 35, 52.)

In challenging the appealability of the reconsideration order, High Country relies on

*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166

Cal.App.4th 1625, which followed the prevailing view among appellate courts that an order

denying a motion for reconsideration "is not an appealable order under any circumstances."

(*Id*. at p. 1633.) However, that case predates the Legislature's 2011 amendment of section

1008, which added a new subdivision (g).  (Stats. 2011, ch. 78, § 1; Assem. Bill No. 1067

(2011-2012 Reg. Sess.) § 1.)  The legislative history indicates that the Legislature intended

to resolve a split in authority by codifying the prevailing view that reconsideration orders

are not separately appealable.  (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 1067

(2011-2012 Reg. Sess.) as amended April 25, 2011, p. 3.)  However, the Legislature also

sought to allow courts to "review denials of reconsideration if the underlying order that was

the subject of the motion for reconsideration is itself appealable."  (*Ibid.*)

Here, the underlying order setting aside default and vacating the default judgment is

an appealable order.  (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1032.)

Accordingly, section 1008, as amended, allows us to review the reconsideration order as

part of our review of the underlying order.

B.  Timeliness of High Country's Motion to Set Aside Default and Default Judgment

Yeomans argues that High Country's motion to set aside default and vacate the

default judgment was untimely based on the six-month filing deadline in section 473,

subdivision (b).  However, High Country did not rely on subdivision (b) in the underlying

6

motion. Rather, High Country specifically invoked sections 473.5 and 473, subdivision (d). Accordingly, "[n]either the substantive requirements nor the time requirements of subdivision (b) applied" to High Country's motion. (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

High Country's motion was timely under the two statutes in its motion. First, motions under section 473, subdivision (d), are not subject to any time limit and may be brought at any time. (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1320.) Second, section 473.5, allows a defaulting party who has not received actual notice of the summons to file a motion to vacate default judgment by "the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) Here, because there is no indication that Yeomans ever served High Country notice of the entry of default or default judgment, its motion was due no later than March 28, 2013. High Country's motion, filed on April 12, 2012, was timely under section 473.5, subdivision (a).

C. The Trial Court's Vacatur of the Default Judgment

Yeomans contends the trial court should not have vacated the default judgment because it properly entered default based on a valid proof of service. Yeomans further contends that the amended proof of service she submitted with her reconsideration motion cured any defect in prior proofs of service. Consequently, she argues, the court should have granted the reconsideration motion.

7

"[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*American Express Centurian Bank v. Zara* (2011) 199 Cal.App.4th 383, 387.) "The filing of a proof of service declaration ordinarily creates a rebuttable presumption that the service was proper, but only if the service declaration 'complies with the statutory requirements regarding such proofs.' " (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1163.) The rebuttable presumption that service was proper " 'may be impeached and the lack of proper service shown by contradictory evidence.' " (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1447.) Where, as here, the trial court resolves the issue by way of competing declarations or affidavits, " ' "the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." ' " (*Lebel*, *supra*, at p. 1159.)

Here, High Country brought its motion under section 473.5, which required a showing that "service of a summons has not resulted in actual notice" to High Country. (§ 473.5, subd. (a).) After considering High Country's declarations that supported the lack of actual notice, recognizing the irregularities in the January 11, 2011 proof of service, and observing the preference for resolving matters on the merits, the court granted High Country's motion and vacated the judgment. Thus, although Yeomans's proof of service may have initially created a rebuttable presumption of service, the court credited High

8

Country's contradictory evidence that impeached actual notice. We defer to the court's resolution of the competing evidence regarding service. (See *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118 [" ' " 'When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' "]) Even if, as Yeomans argues, the court was not mistaken when it entered default judgment against High Country, the court nonetheless enjoyed discretion to vacate the judgment once High Country presented evidence of lack of actual notice under section 473.5. The court did not abuse its discretion in light of the " 'very slight evidence' " standard applicable to setting aside default judgments. (*Purdum v. Holmes* (2010) 187 Cal.App.4th 916, 922.)

Furthermore, given that High Country brought its motion in part under section 473.5, the court properly granted the motion without a showing of extrinsic fraud, which is simply one of several reasons courts may set aside final judgments under section 473. (See *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 179-182 [noting that "a party who has not actually been served with summons has three avenues of relief from a default judgment" and explaining each distinct option]; *In re Marriage of Park* (1980) 27 Cal.3d 337, 342 ["The grounds for [equitable relief from a judgment] are commonly stated as being extrinsic fraud or mistake. However, those terms are given a broad meaning and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing. It does not seem to matter if the particular circumstances qualify as fraudulent or mistaken in the strict sense."].) The trial court was not required to make a finding of extrinsic fraud because High Country did not seek relief from judgment based on

9

the "extrinsic fraud" option.  (*Trackman, supra*, at p. 180 [a motion under section 473.5 " 'does not require a showing that plaintiff did anything improper.  . . . [T]he defaulting defendant simply asserts that he or she did not have actual notice.' "])

Finally, the court was not bound to grant Yeomans's reconsideration motion once it accepted her amended proof of service.  The court found that the January 2011 proof of service was defective because it "did not include the First Amended Complaint or the Amendment to the Complaint substituting [High Country] for Doe #1."   Accordingly, the court found it should not have entered default judgment in the first place.   Assuming, for the sake of argument, that the amended proof of service "cured" the defects in the January 2011 proof of service, the court's acceptance of this proof created only a rebuttable presumption that service was proper, and High Country could impeach this presumption by contrary evidence that it did not receive actual notice.  Thus, the court was not bound to restore the default judgment, but, at most, only to engage in its analysis anew in light of the amended proof of service.  In the end, the court did not abuse its discretion when it reached the same result based on the competing facts before it.

DISPOSITION

The order of the trial court is affirmed.  Costs on appeal are awarded to respondent.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


AARON, J.