Filed 7/17/15  Schenck v. Brown CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RYKER WILLIAM SCHENCK,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>EDMUND G. BROWN II,<br><br>          Defendant and Respondent. | A141792, A142803<br><br>(Mendocino County<br>Super. Ct. No. SCUKCVPT1363262) |

In these consolidated appeals, Ryker William Schenck (Schenck) seeks review of an order quashing service of his petition, an order denying his motion for reconsideration, and an order denying entry of a default and default judgment.  Having fully considered Schenck's submissions to this court, we will affirm the orders quashing service and denying reconsideration, and dismiss the appeal as to his challenge to the order denying entry of default and default judgment.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Schenck's Petition in the Trial Court

On December 13, 2013, Schenck commenced the underlying proceeding in the Mendocino County Superior Court by filing a "Petition for Rehearing Under Rule 44" (Petition).  The Petition, viewed by the court and the parties as a complaint, purported to assert numerous causes of action against individuals and governmental entities, including allegations that the Marin County Superior Court, the governor, and others violated his civil rights and due process rights; the defendants in a prior lawsuit defaulted; the state

1

and law enforcement retaliated against him and his family; a police officer kidnapped and raped his wife; he did not receive compensation from the victims compensation board; the state contractors board revoked his contractor's license; a police officer committed extortion; and other matters.

On January 30, 2014, Schenck filed a proof of service indicating that a process server had served "CA. Dept. of Corrections, Jeffrey Beard" by substituted service on January 24, 2014, by leaving copies of specified documents with an adult at Beard's business address (1515 S Street, Sacramento, CA) and mailing copies of the documents to the address on that same date. The proof of service stated that the documents so served were "Petition for Rehearing Under Rule 44, Petitioners Timely Request to File; Civil Case Cover Sheet." The proof of service did not mention a summons.

B. Beard's Motion to Quash and Schenck's Request for Entry of Defaults

On February 24, 2014, Beard filed a Motion to Quash Service of Summons. In a declaration supporting the motion, it was averred that a package of documents concerning the lawsuit was delivered to 1515 S Street for service on Beard. However, this package contained only the Petition, a civil case cover sheet, documents that appeared to be exhibits to the petition, a case management statement dated January 16, 2014, and a proof of service for the case management statement.

On March 3, 2014, Schenck filed an opposition to the motion to quash, entitled " 'Special Motion to Strike' Notice of Motion to Quash Service of Summons to Any and All Public Entity Employees Stated Within Suit." Schenck argued generally that service was adequate, but he did not assert or show evidence that a summons was served on Beard. On April 3, 2014, he filed a "Response Notice of Motion to Strike 'Reply Supporting Defendant Beard's Motion to Quash Service of Summons,[']" which did not assert or provide evidence that a summons had been served or even issued.

By written order filed on April 9, 2014, the trial court granted Beard's motion to quash. The court stated: "Defendant J. Beard established by uncontested and a preponderance of evidence that he was not served with a summons in this matter.

2

Plaintiff offered no evidence to the contrary. Defendant Beard's motion to strike service is granted."

On April 18, 2014, Schenck requested entry of a default and default judgment as to 20 purported defendants, including Beard. On April 24, 2014, the court denied Schenck's requests on the ground that Schenck failed to demonstrate that he properly served them with a copy of the summons. In denying the requests, the court noted that "*no* summons was ever issued in this matter, either at the time of the filing of the petition or subsequently." The court also observed that the proofs of service did not indicate service of a summons. In addition, the court explained that actual notice of the lawsuit does not substitute for compliance with statutory service of process requirements, and blank summons forms were available from the court clerk. The court also noted that Beard was not named in the Petition as a defendant.

On April 25, 2014, Schenck filed a notice of appeal, challenging the April 9, 2014, order granting Beard's motion to quash, and the "entry of default judgment" purportedly filed on April 24, 2014 (that is, the order denying Schenck's requests for entry of default and default judgments). This commenced appeal No. A141792.

In his notice of appeal, Schenck contended the trial judge and the deputy attorney general were liars and that Beard was served with the proof of service and a copy of the original complaint on January 24, 2014. The summons was not mentioned, however.

The trial court issued another written order granting the motion to quash on June 2, 2014, on the same grounds.[1] Schenck was given notice of the entry of the order.

---

[1] The record indicates that, notwithstanding the issuance of the April 9 written order, the court directed Beard's attorney to prepare a proposed formal order, giving Schenck the opportunity to review and approve it as to form. Schenck declined to approve it. (More specifically, he wrote: "You['re] a lying sac of shit and are liable for your misactions under the strict duty provision. I have provided you with all document[s] challenging, appealing & opposing Beard[']s motion to quash. You on the other than [*sic*] are guilty of treason and are blocking my access to the courts and violating my due process & other fed rights. Fuck you.") Although Schenck's notice of appeal was filed before entry of the June 2014 order, it was filed after the court's April 2014 order, and both orders based the ruling on the same grounds and, indeed, include identical

3

On June 25, 2014, Schenck filed a motion for reconsideration. He argued that the court could not use defective service to deny his complaint because jurisdiction does not depend on proof of service but on the fact service was made.

By written order filed on June 30, 2014, the court denied Schenck's motion for reconsideration on the ground that he failed to provide the required statutory notice and failed to file proof of service of the motion on defendants.

Schenck filed a second notice of appeal on August 14, 2014, entitled "Motion of Appeal of Order Denying Reconsideration of Motion to Vacate and Set Aside Order Denying Entry of Judgment." This commenced appeal No. A142803.

On October 17, 2014, we consolidated appeal Nos. A141792 and A142803.

## II. DISCUSSION

We consider Schenck's contentions in turn.

### A. Motion to Quash

#### 1. Law

A civil action is commenced by filing a complaint with the court. (Code Civ. Proc., § 411.10.) There is no dispute that Schenck's Petition, which commenced the lawsuit, contained causes of action, and sought relief, is the complaint in this case.

Except as otherwise provided by statute, however, the court has jurisdiction over a particular defendant only from the time that a *summons*—a separate document issued to the plaintiff by the court clerk at the plaintiff's request—is served on the defendant *as provided by statute*. (Code Civ. Proc., §§ 412.10, 410.50, subd. (a).) The summons may be served by personal service or, in some circumstances (such as a prior good faith effort at personal service), by substituted service, in which the copies of the summons (and complaint) are left at the party's place of business and later mailed to that same address. (Code Civ. Proc., §§ 415.10, 415.20.)

---

operative language. Schenck's notice of appeal is therefore adequate for us to acquire jurisdiction over the appeal. (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906.)

Service of process, including the summons, is *the* means by which a court obtains jurisdiction over the defendant. (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1464.) Personal jurisdiction requires compliance with the statutory requirements for service of process, and the defendant's knowledge of a proceeding does not in itself confer jurisdiction. (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 (*American Express*).)

Code of Civil Procedure section 418.10, subdivision (a)(1) entitles a defendant to file a motion to quash service of the summons on the ground of lack of jurisdiction; that is, as in this case, delivery of the complaint may be held insufficient if jurisdiction has not been secured by adequate service of the summons. In response to a motion to quash, the plaintiff has the burden of establishing the facts that demonstrate the court's acquisition of personal jurisdiction over the defendant, including the facts showing effective service of process. (*American Express, supra,* 199 Cal.App.4th at p. 387.)

An order granting a motion to quash is appealable. (Code Civ. Proc., § 904.1, subd. (a)(3).) On appeal, we assume that the affidavits favoring the prevailing party establish the facts stated therein and reasonable inferences from those facts, we defer to the trial court's determination of any controverted facts, and we review independently the court's statutory interpretations and legal conclusions. (*American Express, supra*, 199 Cal.App.4th at p. 387.)

2. Analysis

In the matter before us, the trial court ruled that Beard was not served with a copy of the summons, and therefore the court did not acquire personal jurisdiction over him. Schenck fails to establish error.

The proof of service filed by Schenck claimed that Beard was served with the petition on January 24, 2014, by substitute service. Substitute service, however, requires leaving a copy of the *summons*, as well as the complaint, at the defendant's usual place of business and sending a copy of the *summons*, as well as the complaint, by mail. Code of Civil Procedure section 415.20, subdivision (b) reads: "If a *copy of the summons* and

complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a *summons* may be served by leaving a *copy of the summons* and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office . . . who shall be informed of the contents thereof, and by thereafter mailing a *copy of the summons* and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a *copy of the summons* and complaint were left."  (Italics added.)

Here, the evidence is that the package of documents delivered to Beard did not include a summons, and indeed the proof of service does not even claim that it did. Therefore, there was no evidence of proper substitute service, and the court never obtained jurisdiction over Beard.

Schenck's appellate brief (and the other documents he has submitted in this appeal) do not demonstrate that Beard was properly served.  Schenck's brief does not cite evidence that a summons was served on Beard or even issued; indeed, it does not provide citations to any evidence in the record at all.  The brief, amounting to over 40 pages, asserts issues of res judicata, stare decisis, retaliation, due process, a mechanics' lien violation, consortium loss, rape of his wife by a police officer, and outrageous governmental conduct, but does not provide any legal authority holding that the summons would not have to be served for jurisdiction to be obtained, or any contention that a summons was issued or was included in the documents delivered by the process server on January 24, 2014.  Schenck also made no mention of the summons in his notice of appeal, stating only that "[o]n January 24, 2014 . . . Beard [was] served with the Proof of service and a copy of the original complaint."

Schenck does not establish error in the court's granting of the motion to quash.

B.  Denial of Schenck's Motion for Reconsideration

An order denying reconsideration is reviewable as part of an appeal from the underlying appealable order.  (Code Civ. Proc., § 1008, subd. (g).)  However, since there

6

was no error in the granting of Beard's motion to quash, the record discloses no error in the denying of Schenck's motion for reconsideration.

C. Denial of Schenck's Request for Entry of Default

An order denying entry of a default or default judgment is not an appealable order. (*Brown v. Sterling Fixture Co.* (1917) 175 Cal. 563, 565.) We therefore must dismiss Schenck's appeal to the extent he seeks review of the order denying his request for entry of default and default judgment against Beard.

We also observe that, given the affirmed orders in this case, the record discloses no error in the court's refusal to enter any default: since the court did not acquire personal jurisdiction over Beard, it could not enter a default against him; conversely, Beard had no obligation to respond to the Petition since the court never acquired jurisdiction over him. (See *Slaughter v. Legal Process & Courier Service* (1984) 162 Cal.App.3d 1236, 1251.) For this reason, Schenck's challenge regarding the default is moot.[2]

## III. DISPOSITION

The orders granting Beard's motion to quash and denying Schenck's motion for reconsideration are affirmed. To the extent Schenck appeals from the order denying entry of a default and default judgment, the appeal is dismissed.

---

[2]    We received from Schenck a copy of a document entitled "Motion for Relief From Default: Supporting Memorandum; Declaration; Order and Relief," filed herein on June 5, 2015, and a document entitled "Illegal Malpractice, Protest of Appeal and Declaration of Aggrieved Plaintiff and Appellant Without Relief Asserting Abuse of Process Filed Under U.S.C. 1331, 1958, 1983, Courts Violated Gov. Code 72193 and PC 1475," filed herein on June 29, 2015. To the extent these documents request relief from this court, the requests are denied.

                                              _____
                                              NEEDHAM, J.


We concur.


_____
SIMONS, Acting P. J.


_____
BRUINIERS, J.


(A141792, A142803)