Filed 10/26/23  Haile v. Haile CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EDEN HAILE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>TSEGAI HAILE,<br><br>     Defendant and Appellant. | A167562<br><br>(Sonoma County<br>Super. Ct. No. SFL-090902) |

Appellant Tsegai Haile purports to appeal from several orders entered in the dissolution proceedings initiated by his wife, respondent Eden Haile.[1]  Most of those orders were not appealable.  And to the extent one of them was, Tsegai offers no reasoned argument why it should be reversed.  We therefore reject Tsegai's arguments.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Tsegai and Eden were married in January 1996.  Tsegai in April 2022 filed a request for a domestic violence restraining order against Eden, and the trial court issued a temporary restraining order (TRO).  That same month, Eden filed a divorce petition.  For the date of separation, she listed

---

[1] We refer to the parties by their first names in the interest of clarity.

1

April 8, 2022, the date she left the marital home because Tsegai had sought a TRO.

Following a hearing, the trial court in August 2022 denied the request for a restraining order and awarded Eden her attorney fees. Tsegai did not appeal from the order.

Tsegai's legal representation has changed several times. He was at first self-represented. As of late 2022 he had changed legal representation three times. He is self-represented in this appeal.

A dispute arose about discovery into the community interest in the family residence and, in September 2022, Eden filed a motion to compel the production of documents, which Tsegai opposed. By order filed in November 2022, the trial court granted the motion in part and ordered Tsegai to pay Eden $1,060 in sanctions.

Following the order, Eden's attorney contacted Tsegai's attorney and requested compliance by mid-December 2022. Before the requested deadline, Eden's counsel received a substitution of attorney replacing Tsegai as a self-represented party. Tsegai provided an amended discovery response by the end of December but provided no further information. Eden then issued subpoenas to three financial institutions for production of business records.

Also in December 2022, Tsegai filed a motion to bifurcate "the issue of the parties' date of separation for a separate and early trial," and requested sanctions. The motion requested a determination that the parties' separation date was March 1, 2002 (*sic*). Eden opposed the bifurcation request, which the trial court denied.

In January 2023, Tsegai filed a motion to quash the subpoenas for business records. He also sought sanctions against Eden and her attorney.

2

Eden opposed the motion to quash and request for sanctions, and she requested her attorney fees and costs in connection with her opposition.

By order filed on March 30, 2023, the trial court denied the motion to quash since Eden had demonstrated a substantial basis for issuing the subpoenas. The court denied Tsegai's request for sanctions and granted Eden's request for her attorney fees and costs.

Also in March 2023, the trial court entered an earnings assignment order for attorney fees. The order directs Tsegai to pay $500 each month for Eden's attorney fees, plus $1,000 each month for attorney fees that were in arrears.

Tsegai filed a notice of appeal on April 4, 2023.

## II.
### DISCUSSION

Tsegai has filed a 39-page opening brief that recounts the history of his marriage, and he attacks nearly every aspect of the proceedings below. He declares that "every decision of the lower court is illegal, Null, and Void," and he asks this court to "reverse [them]; vacate [them], and order the case venued [*sic*] to a superior court of a different county," relief he did not request below. His arguments fail.

Code of Civil Procedure section 904.1, subdivision (a)(10), authorizes an appeal to be taken from an order made appealable by the Family Code. But Tsegai does not identify any Family Code provision that applies here. Tsegai's notice of appeal identified four dates of orders from which he purportedly appealed. The first date was January 11, 2023, the date of an order consolidating the proceedings on Tsegai's original request for a restraining order with the dissolution proceedings. Even putting aside the issue of timeliness, such a consolidation order was an interim order and thus not appealable since "further judicial action is essential to a final

3

determination of the parties' rights." (*In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689; see also *In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1462 [order not appealable where it is preparatory to a later proceeding].)

The second date identified in the notice of appeal was February 17, 2023. That was the date of the hearing on Tsegai's request to bifurcate the proceedings, though apparently no order was entered on that date. Whatever the date of the order entered denying the request, it was not appealable since it was an interim order. (*Griffin, supra*, 15 Cal.App.4th at p. 689.)

Tsegai also listed in his notice appeal March 30, 2023, the date of the order denying his motion to quash. This is likewise the only order Tsegai identified in his civil case information statement filed in this court. An order denying a motion to quash is not appealable and may be challenged only by petition for writ of mandate, which Tsegai did not seek. (Code Civ. Proc., § 418.10, subd. (c); *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387.)

Finally, the notice of appeal listed March 1, 2023, the date of the earnings assignment order directing payment of Eden's attorney fees. Assuming this order was a pendente lite order for the payment of attorney fees, it was appealable. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; *In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 468.) But the record contains only the order and lacks information that would provide context about its entry. And Tsegai offers no reasoned argument why the trial court erred in issuing it. He states in his opening brief that the order "den[ied] [him] due process and the equal protection of the DVPA, forging judicial council forms, FL-430, and FL-435, is final [*sic*]." This scant argument appears to be the only mention in Tsegai's opening brief of the

4

order.  As this argument lacks coherence, we deem it to be abandoned. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524–525.)

In his opening brief, Tsegai also criticizes the trial judge for striking a statement of disqualification against him that Tsegai filed but did not serve. But as the trial court's April 3, 2023 order stated, a determination of disqualification is not an appealable order and may be reviewed only by a writ of mandate, which Tsegai did not seek.  (Code Civ. Proc., § 170.3, subd. (d).)

Tsegai further challenges at least one order that was entered after he filed his notice of appeal and thus is not before us.

## III.
### DISPOSITION

Appellant Tsegai Haile's August 3, 2023 request for judicial notice is denied.

To the extent Tsegai has appealed from an appealable order, the order is affirmed.  Respondent Eden Haile is awarded her costs, if any, as she did not file a respondent's brief.

_____

Humes, P.J.


WE CONCUR:


_____

Margulies, J.


_____

Banke, J.


*Haile v. Haile*  A167562