Filed 7/18/25  Baptiste v. Baetz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JETTA J. BAPTISTE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEBRA BAETZ et al.,<br><br>    Defendants and Respondents. | G063897<br><br>(Super. Ct. No. 30-2021-01218695)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David J. Hesseltine, Judge. Affirmed. Motion to augment record denied.

Jetta J. Baptiste, in pro. per., for Appellant.

Foran Glennon and Gabriel Ullrich for Respondents.

Plaintiff Jetta J. Baptiste appeals from an order granting a motion to quash services of summonses on defendants, the County of Orange, its board of supervisors, and the Orange County Social Services Agency. Because we are presented with an inadequate record, we affirm.

FACTS

Plaintiff has not presented us with her complaint. According to her briefing, she was not paid for work performed as an employee of a co-defendant, In-Home Supportive Services.

Plaintiff has also not provided us with the moving and opposing papers on the motion to quash. The record contains a minute order explaining the court's ruling: "Here, specially appearing defendants . . . have presented evidence demonstrating what was actually served for each was a summons directed only to [In-Home Supportive Services]. [Citations.] Although Plaintiff disputes this is so, the evidence presented does not show how each of the summons that were served were actually filled out. Based on what has been presented here, [defendants] have adequately shown defective service."[1]

DISCUSSION

Plaintiff contends the court abused its discretion because a "motion to quash should only be granted where service is not compliant with statutory requirements, as outlined in *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383 [(*Zara*)]." Plaintiff also asserts that "two prior Judges who reviewed the case noted that there was nothing wrong with the proof[s] of service."

---

[1] We dismissed plaintiff's appeal from nonappealable rulings on October 17, 2024, leaving the sole appealable issue regarding the motion to quash. (Code Civ. Proc., § 904.1, subd. (a)(3).)

To prevail on a motion to quash, a plaintiff must prove the facts necessary to establish the jurisdiction of the trial court over a defendant, including a valid service of summons. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 4:413, p. 4-71.) Here, the court ruled the presented evidence defeated plaintiff's attempt to carry that burden, clearly indicating a factual determination. (See *Zara, supra*, 199 Cal.App.4th at p. 387 [deference to trial court on factual issues decided].) But plaintiff's record does not contain defendants' filings, precluding our review of the ruling's basis. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [burden to overcome general presumption of correctness includes burden to provide adequate record].)

The same issue underlies plaintiff's claim that "two prior Judges who reviewed the case noted that there was nothing wrong with the proof[s] of service" filed. Plaintiff cites to a minute order using a trial court register reference, but no such order is included in the record for our review. We add that civil judges do not necessarily review and approve the entire file of every case assigned to them. A judge generally waits to act until there is a formal motion or trial.[2]

*Zara*, the only service of summons authority plaintiff cites to in her opening brief, does not support her position. If anything, it defeats her

---

[2] At oral argument, plaintiff accused several trial judges of collusion and other impropriety. We understand she sincerely feels let down by this litigation. But we have a ""duty to protect the integrity of [the] court."" (*In re Mahoney* (2021) 65 Cal.App.5th 376, 380.) Plaintiff's accusations are unsupported by the record and, if made by an attorney, would warrant sanctions. (See *id.* at p. 381.) We instead merely caution her against "[i]mpugning the integrity of the trial judge without facts . . . ." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.)

3

point that defendants received actual notice. (*Zara, supra*, 199 Cal.App.4th at p. 391 ["Actual notice of the action alone . . . is not a substitute for proper service"].)[3] To the extent plaintiff is claiming she substantially complied with governing statutes, we note the substantial compliance doctrine usually mitigates facts about how a service was executed, not the contents of the summons served. (See *Zara, supra*, 199 Cal.App.4th at pp. 389–393.)

In her reply brief, plaintiff asserts for the first time that she presented to the court clerk summonses correctly naming defendants (instead of In-Home Supportive Services), but the clerk refused to stamp them. Plaintiff attaches unstamped summonses containing defendants' names. We do not ordinarily entertain contentions raised for the first time through a reply. (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894–895, fn. 10.) While the assertion might explain what happened, it would not excuse plaintiff's burden to validly serve non-defective summonses on defendants. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 4:428, p. 4-73.)[4]

---

[3] Plaintiff does not mention *Zara* in her reply brief. She replaces the case with a citation to a nonexistent case, *Tannenbaum v. Superior Court* (1995) 37 Ca1.App.4th 1461, 1464. Her disconcerting citation follows our earlier caution to her—after she cited to multiple nonexistent cases for other issues in her opening brief—to "take care in preparing documents for filing in this court."

[4] Following her reply brief, plaintiff filed a motion to augment the appellate record with additional exhibits. (Cal. Rules of Court, rule 8.155.) We deny it because it attempts to support points only asserted in plaintiff's reply and none of the 13 exhibits include defendants' trial court papers filed to support their motion to quash, leaving the inadequacy of the appellate record unaddressed.

## DISPOSITION

The trial court's February 26, 2024, order granting defendants' motion to quash service of summonses is affirmed. Defendants are entitled to their costs in this appeal.

SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.