Filed 6/27/23  Bearden v. Durden CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SHAKEDRA BEARDEN et al., | B321214 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 21STCV21404) |
| v. | |
| NASHAWN DURDEN et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Affirmed.

Law Offices of Stephen L. Backus and Stephen L. Backus for Defendants and Appellants.

The Brinton Firm and Matthew L. Brinton for Plaintiffs and Respondents.

Plaintiffs and respondents Shakedra Bearden and Herman Gaither filed a wrongful eviction action against their landlords, defendants and appellants Nashawn Durden and Valiant Group of California, LLC (Valiant). After attempting personal service at Durden's residence, respondents served Durden and Valiant by substitute service at Valiant's designated address for service of process. Respondents obtained entry of default and then a default judgment against appellants.

Appellants subsequently appeared and filed a motion to set aside the default judgment. They argued that the default judgment was void because they were not properly served. They also sought relief pursuant to Code of Civil Procedure section 473.5. subdivision (b) (section 473.5(b)),[1] asserting they lacked actual notice of the action, and section 473, subdivision (b) (section 473(b)), on the basis that any failure to respond was due to mistake, inadvertence, surprise, or excusable neglect.

The trial court denied the motion to set aside the default judgment, concluding that respondents had properly served appellants and that appellants had not demonstrated a right to relief from default. Appellants appealed, raising the same arguments regarding service. We conclude that the trial court did not err in refusing to set aside the default judgment. We therefore affirm.

## BACKGROUND

### I. *Entry of Default and Default Judgment*

Respondents filed a complaint against appellants on June 7, 2021, alleging that they and their two children had been tenants since 2018 in an apartment on West 106th Street (the

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

apartment complex).  Durden was the landlord, property manager, "and former legal owner" of the apartment complex.  He also lived in another unit in the complex.  Respondents alleged that Durden also used the alias Donovan McCloud, including on one of their lease agreements.  According to respondents, Valiant acquired title to the apartment complex from Durden in August 2020 and they paid rent to Valiant.

Respondents alleged that they had numerous problems with their apartment, including pests, intermittent hot water, and other plumbing issues.  In mid-2020, their complaints resulted in several citations to appellants from the Los Angeles County Public Health Department.  Respondents alleged that Durden retaliated by verbally harassing them, destroying their security camera and throwing it at Bearden, boarding their apartment windows, and welding their door shut.  On October 21, 2020, respondents gained entry to their apartment with the help of the Los Angeles County Sheriff's Department.  Durden was arrested for his conduct and respondents moved into a motel because they were afraid to remain in their apartment.

In their complaint, respondents asserted causes of action for negligence, breach of lease, breach of implied warranty of habitability, retaliatory eviction in violation of Civil Code section 1942.5, interference with lawful occupancy in violation of Civil Code section 789.3, and wrongful eviction.  They sought an estimated $600,000 in actual damages, as well as statutory damages and attorney fees.

Respondents filed proof of service forms on August 10, 2021 reflecting service on both appellants of the "Summons; Complaint; Civil Case Cover Sheet, Notice of Case Assignment; First Amended General Order; Statement of Damages x2."  The

proof of service for Durden stated that he was served by substituted service on July 13, 2021 at 6230 Wilshire Blvd., Suite 4400 in Los Angeles, the location of Mailbox Depot, a private mailbox facility.  On the proof of service, the process server declared that he left the documents with "Angel Adama/Manager Per CCP 415.20," and checked the box under paragraph 5.b.(1) stating that Adama was "a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers."[2]  According to the accompanying proof of service by mail, the process server also mailed a copy of the "Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; First Amended General Order" to Durden at the Mailbox Depot address on July 13, 2021.

On the proof of service for Valiant, the process server stated that the documents were served on Durden, as agent for service, by substituted service on June 14, 2021 at the Mailbox Depot.  The server indicated that the documents were left with Eric Hong, Manager/Person in charge, and checked the box under paragraph 5.b.(1).  Respondents also filed a proof of service by mail showing that the documents were mailed to Valiant at the Mailbox Depot the same day.

On September 29, 2021, respondents filed a request for entry of default for appellants.  Respondents provided a proof of

_____

[2] As we discuss further *post*, it is undisputed that the server should have checked the box in paragraph 5.b.(3) for the proofs of service on Durden and Valiant.  That paragraph states that the documents were left with "a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box."

4

service reflecting that they had mailed a copy of the request for entry of default form to appellants at the Mailbox Depot address on September 29, 2021. The clerk entered default the same day.

On December 3, 2021, respondents filed a request for default judgment. They included declarations from Bearden, Gaither, and their attorney; a summary of the case; and a statement of damages in support of their request for default judgment. The statement of damages, dated June 7, 2021, sought $200,000 for pain and suffering, $400,000 for emotional distress, and $50,000 for the alleged breaches of Civil Code sections 789.3 and 1942.5. In the December 2021 request for default judgment, respondents explained they were now seeking a total of $356,018.60 in damages, costs, and attorney fees against appellants. Respondents served the request for default judgment and accompanying documents on appellants by mail on December 3, 2021 to the Mailbox Depot address.

The trial court entered default judgment for respondents and against appellants on December 20, 2021. The default judgment awarded respondents $356,018.60 in damages, attorney fees, and costs. Respondents served notice of entry of judgment on appellants by mail on December 20, 2021 to the Mailbox Depot address.

## II. *Motion to Set Aside Default Judgment*

Appellants filed a motion to "set aside/vacate default and/or default judgment" on January 27, 2022. They argued that service of the summons and complaint was improper as to Durden for several reasons: (1) respondents failed to make diligent attempts at personal service before using substituted service, in violation of section 415.20, subdivision (b) (section 415.20(b)); (2) substituted service at the Mailbox Depot was improper because

5

Durden did not receive his personal mail there; (3) the proof of service purported to leave the documents with a person in charge of Durden's office or usual place of business, but he had no such place at the Mailbox Depot (in other words, that the proof of service checked paragraph 5.b.(1) instead of 5.b.(3)); and (4) he was not properly served with the statement of damages as required by section 425.11. Appellants also asserted the third and fourth reasons as the bases for improper service on Valiant.

Appellants attached to their motion the notes from respondents' process server, stating that one attempt at personal service was made at Durden's home at the apartment complex on June 26, 2011. The notes stated that the server spoke to an unidentified "John Doe," who was described as a "black male," five feet 10 inches tall, weighing 230 pounds, age 45, with a "bald head." According to the notes, Doe stated that Durden "no longer lives there. [Doe] just moved in." Doe also told the server that he knew Durden and that Durden could be found at the Mailbox Depot address or at the website crowncams.com. Doe gave the server a business card for "Donovan A. McCloud," listing the crowncams.com website, a phone number, email address, and the Mailbox Depot address.

In his accompanying declaration, Durden stated that he lived in the unit next door to respondents and had lived there for over 20 years. He rented a post office box at Mailbox Depot on behalf of Valiant and confirmed that Valiant received mail there, but stated that he received his personal mail at his residence. He stated that he was not home at the time the process server attempted to personally serve him, and disputed respondents' claim that he had answered the door pretending to be someone else by noting that he did not match the description of Doe given

6

by the process server. Durden stated that neither he nor Valiant conducted business or had an office at the Mailbox Depot address.

According to Durden, he received the notice of entry of default judgment at the Mailbox Depot address in late December 2021, which was the first time he realized he had been sued. He also stated that neither he nor Valiant had ever received a copy of the complaint. Durden's friend, Mark Brown, also provided a declaration stating that he answered the door at Durden's residence on June 26, 2021. The process server asked if he was Durden, and Brown "of course, said no and said Mr. Durden was not home." Brown denied that the server asked if Durden lived there and denied telling the server that Durden did not live there. Brown declared that he "only stated that [Durden] was not here at this time," and gave the server a business card for "'Donovan McCloud' which is the name that I understand Mr. Durden uses for his work with Valiant." Brown suggested the server call Durden at the number on the card. Brown stated that he was five feet 10 inches tall, weighed approximately 220 pounds, and was bald.

Appellants also argued that even if service was proper, they were entitled to relief from default under section 473.5, which authorizes a party against whom default or default judgment was entered to "serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action" "[w]hen service of a summons has not resulted in actual notice . . . in time to defend the action." (§ 473.5, subd. (a).) Appellants argued they did not receive actual notice of the lawsuit in time to defend against it.

They asserted that Durden easily could have been served at his residence, an address known to respondents, and where they

could have also served him as the agent for service of process for Valiant. They alternatively sought relief under section 473(b) due to Durden's mistake, inadvertence, surprise, or excusable neglect.

Respondents opposed the motion. They contended that they properly served Valiant at the Mailbox Depot, the address listed with the Secretary of State as its registered agent for service of process. As to Durden, they argued that they attempted to personally serve him at his residence, but the process server was informed by the person answering the door that Durden no longer lived there and that he could be reached at the Mailbox Depot address.[3] Respondents accordingly served Durden by substitute service at that address.

Respondents also argued that appellants had not met the requirements of section 473.5, as they did not establish that they lacked actual notice of the complaint. They pointed out that the evidence demonstrated that Durden received notice of the summons and complaint by mail to the Mailbox Depot address twice, once addressed to him and once addressed to Valiant, and that his failure to respond to the complaint was "inexcusable." Respondents attached a printout from the website of the California Secretary of State, showing that Valiant's registered agent for service of process was Durden, at the Mailbox Depot address. They also attached Valiant's articles of organization, again listing Durden and the Mailbox Depot address as the agent for service of process.

---

[3] Respondents also suggested that the claims made by Brown in his declaration were not credible and that Durden "or somebody working on his behalf, misdirected the process server."

8

Appellants filed a reply in support of their motion. They also objected to several paragraphs in the declaration filed by respondents' counsel.

The trial court provided a tentative ruling denying the motion in advance of the March 10, 2022 hearing. The minute order indicates that no court reporter was present for the hearing. After the hearing, the court adopted its tentative ruling as its final ruling.

In the ruling, the court overruled appellants' evidentiary objections. Regarding service on Durden, the court found that "[t]aking all the declarations at face value, [respondents] demonstrate effective substitute service on Durden." The court noted that two or three attempts at personal service at a "'proper place' ordinarily qualifies as the 'reasonable diligence' necessary to resort to substitute service." The court found that although respondents had not attached a declaration of diligence to the proof of service of summons, "the process server made two attempts at 'proper places' to personally serve Durden," first at his residence and second at the Mailbox Depot address as directed by Brown. In addition, the court found that under the requisite liberal construction of the service of process statutes, the Mailbox Depot address qualified as a "usual mailing address other than a United States Postal Service post office box," for Durden personally, as set forth in section 415.20(b). The court concluded that respondents had effectively served Durden by substitute service.

The court also found not credible Durden's assertion that he first received notice of the lawsuit in late December 2021, when he received notice of entry of default judgment. The court reasoned that the complaint and subsequent litigation documents

9

were served by mail to the same address on three prior occasions between July and December, and that Durden "provides no explanation why he would have received" the fourth mailing but not the prior three sent to the same address. As such, the court concluded that Durden had actual notice of the lawsuit in time to respond to the complaint and failed to show excusable neglect. He was therefore not entitled to relief under sections 473.5 and 473(b).

Turning to Valiant, the court found that the entity was properly served through its designated agent for service of process at the Mailbox Depot. The court rejected appellants' argument that service was ineffective because the process server checked paragraph 5.b.(1) rather than 5.b.(3) on the form. The court reasoned that service was effective under a liberal construction of the service of process statutes. "Although the process server should have checked item 5(b)(3) in the proof of service of summons, which relates to usual mailing addresses, the proof of service of summons as a whole demonstrates effective substitute service" pursuant to section 415.20. The court denied relief under sections 473.5 and 473(b) for Valiant on the same basis as for Durden.

Appellants filed a notice of appeal on May 5, 2022. The notice of appeal stated in one section that appellants were appealing the order entered on March 10, 2022. Elsewhere, the notice of appeal indicated that appellants were appealing "the default judgment entered Dec. 20, 2021, and the Mar. 10, 2022 order denying the motion to set aside the default judgment."

## DISCUSSION

### I.   *Timeliness of Appeal*

Respondents contend that the appeal is untimely.  They claim that appellants appealed from the default judgment, but filed their appeal more than 60 days after service of the notice of entry of judgment on December 20, 2021, in violation of California Rules of Court, rule 8.104.[4]  We disagree, because respondents' argument assumes the appeal is from the default judgment, rather than from the March 10, 2022 order.

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.'"  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881.)  Under California Rules of Court, rule 8.104(b), "no court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal."  As relevant here, a notice of appeal must be filed within "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service."  (Cal. Rules of Court, rule 8.104(a)(1).)  Pursuant to California Rules of Court, rule 8.108(c), "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: (1) 30 days after the superior court or a party serves an order denying the motion or a notice of entry of that order; (2)

---

[4] Appellants did not file a reply brief and therefore have not responded to this argument.

11

90 days after the first notice of intention to move—or motion—is filed; or (3) 180 days after judgment."

We reject respondents' contention that the appeal is untimely. This argument rests upon a mischaracterization of the appeal as being from the default judgment entered December 2021 rather than the March 2022 order denying the motion to set aside that judgment. The notice of appeal explicitly stated that appellants were appealing from the March 10, 2022 order denying the motion to set aside the default judgment and identified the appealed order as "[a]n order after judgment." To the extent the notice of appeal also identified the default judgment, "[i]t is axiomatic that notices of appeal will be liberally construed to implement the strong public policy favoring the hearing of appeals on the merits." (*Norco Delivery Service, Inc. v. Owens Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960.) The notice of appeal meets this threshold, given its unambiguous identification of the March 10, 2022 order. Moreover, as respondents recognize, appellants' opening brief challenges only the denial of the motion to set aside the default judgment, rather than the default judgment itself. We therefore construe the notice of appeal as appealing from the denial of the motion to set aside default judgment and deny respondents' request to dismiss the appeal as untimely.

**II.** ***Order Denying Motion to Set Aside Default Judgment***

Appellants argue that the trial court erred in denying their motion to set aside the judgment. They assert the default judgment is void because service of the summons and complaint on each of them was improper as it did not comply with various statutory requirements. Additionally, they claim that the trial

12

court erred in refusing to grant relief from default pursuant to either section 473.5 or 473(b).  We find no error.

**A.     *Proper Service***

**1.     *Legal Standards***

"[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.]  Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444; see also *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 (*American Express*).)  "When a defendant argues that service of summons did not bring him or her within the trial court's jurisdiction, the plaintiff has 'the burden of proving the facts that did give the court jurisdiction, that is the facts requisite to an effective service.'" (*American Express, supra*, 199 Cal.App.4th at p. 387, quoting *Coulston v. Cooper* (1966) 245 Cal.App.2d 866, 868.)

"Where the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200; see *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858 ["Whether a judgment is void due to improper service is a question of law that we review de novo."]; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 ["We review de novo a trial court's determination that a judgment is void."].)

**2.     *Service on Valiant***

Appellants contend that service on Valiant was invalid because it did not receive notice of the damages sought as required pursuant to section 425.11.  Appellants point out that

although the proof of service by substitute service for Valiant included a "statement of damages" on the list of documents served, the subsequent proof of service by mail omitted that document from the list. Even assuming that the statement of damages was omitted from the service by mail, we find no error.

Section 425.11 requires service of a statement of damages upon the defendant in "an action to recover damages for personal injury or wrongful death." (§ 425.11, subd. (b).) Respondents argue that the statute does not apply, as their complaint does not allege claims for personal injury or wrongful death. Appellants omitted this limiting language from their discussion of the statute and have not otherwise shown how section 425.11 is applicable to this case. The cases appellants cite fall squarely within the bounds of the statute and are therefore inapplicable to the claims alleged here. (See *Hamm v. Elkin* (1987) 196 Cal.App.3d 1343, 1346 [personal injury action]; S*tevenson v. Turner* (1979) 94 Cal.App.3d 315, 319-320 [same].)

Moreover, as respondents point out, the complaint alleged damages of $600,000, while the default judgment awarded them $356,018.60 against appellants. Thus, even if respondents were required to provide notice of the nature and amount of damages sought, they did so through their complaint, and then properly obtained a judgment in an amount less than the damages initially alleged. (See *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 286 ["Statements of damages are used only in personal injury and wrongful death. . . . In all other cases, when recovering damages in a default judgment, the plaintiff is limited to the damages specified in the complaint."], citations omitted.)

Appellants also contend that Valiant was not properly served at the Mailbox Depot address because the proof of service

14

incorrectly stated that it was Valiant's place of business. In essence, appellants complain that the process server checked the wrong box on the proof of service. There is no dispute that the server should have checked the box next to paragraph 5.b.(3), which applies to service on "a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box." Instead, the form had a checkmark next to paragraph 5.b.(1), reflecting service on a person "apparently in charge at the office or usual place of business of the person to be served." Appellants do not dispute that the Mailbox Depot was a "usual mailing address" for Valiant, as it was the designated address for the entity's agent for service of process. They also do not dispute that the manager at the Mailbox Depot with whom the papers were left qualified under paragraph 5.b.(3) as a person "apparently in charge."

Rather, they argue that service was improper because the wrong box was checked, an error respondents never corrected. They further contend that the court erred by "overlook[ing] this serious defect by relying on its ability to liberally construed [*sic*] the service of process statutes," and then "rewriting the declarations to match what it felt occurred." They cite no authority for this assertion of error; the contention is therefore forfeited. (See *County of Butte v. Emergency Medical Services Authority* (2010) 187 Cal.App.4th 1175, 1196, fn. 7 [contention not supported by citation to legal authority is forfeited as improperly presented]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408, citation omitted ["Where a point is merely asserted by appellant's counsel without any argument of or authority for the proposition, it is deemed to be without foundation and requires

15

no discussion by the reviewing court."]; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303 ["Contentions on appeal are waived by a party who fails to support them with reasoned argument and citations to authority."].)

Even if we considered the argument, we find no error in the trial court's decision to construe the proof of service as proper. Pursuant to section 415.20, subdivision (c), "if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency [CMRA], service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code," which requires the owner/operator of a CMRA to "accept service of process for and on behalf of any of their mail receiving service customers." Proof of service made pursuant to section 415.20 "may be made by affidavit of the person making the service showing the time, place, and manner of service and the facts showing that the service was made in accordance with the applicable statutory provisions. The affidavit shall recite or in other manner show the name of the person to whom the papers served were delivered and, if appropriate, the title of the person or the capacity in which the person was served." (§ 684.220, subd. (b).)

Despite Valiant's comment that the trial court acted improperly to "rewrit[e] the declarations," it does not dispute that it *could* have been properly served at the Mailbox Depot, as the designated address for service of process. We agree with the trial court that the proof of service, as a whole, contained sufficient facts to establish that the process server complied with the

16

applicable statutory requirements.  The proof of service included the time and place of service, and that the documents were left with the person apparently in charge of the Mailbox Depot, which Valiant had designated as its address for service of process. Respondents also mailed a copy of the documents to the same address, as required to complete service under section 415.20(a). Thus, the error in checking the wrong box on the proof of service was harmless.  (See *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1394 ["minor, harmless deficiencies will not be allowed to defeat service"].)[5]

### 3.      *Service on Durden*

Appellants raise the same arguments regarding service on Durden as they did for Valiant, namely that Durden did not receive proper notice of damages and that the proof of service erroneously reflected service on a business rather than to the usual mailing address.  We reject these arguments for the same reasons detailed above.

In addition, Durden contends that respondents failed to make best efforts at personal service, as required before utilizing

---

[5] Appellants asserted during oral argument that service on Valiant was improper for the additional reason that it was "linked" to the improper service on Durden.  This argument was neither timely raised nor supported by authority and was therefore forfeited.  (See, e.g., *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument."]; *County of Butte v. Emergency Medical Services Authority, supra,* 187 Cal.App.4th at p. 1196, fn. 7.)  Similarly, appellants have forfeited their argument that the award was disproportionate, as they raised it for the first time at oral argument.

17

substitute service. The trial court found that respondents had acted with due diligence and we find no error in that conclusion.

Service upon an individual defendant may be made by personal service, meaning service that is accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served." (§ 415.10.) Alternatively, an individual defendant may be served by "substitute service," by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . ., at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint . . . to the person to be served at the place where a copy of the summons and complaint were left." (§ 415.20(b).)

However, an individual may be served by substitute service only after a good faith effort at personal service has been made. The plaintiff bears the burden to show that the summons and complaint "cannot with reasonable diligence be personally delivered" to the individual defendant. (§ 415.20(b); see also *American Express, supra,* 199 Cal.App.4th at p. 390, citing *Evartt v. Superior Court* (1979) 89 Cal.App.3d 795, 801.) "'Ordinarily  . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.'" (*Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1391–1392, quoting *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392.)

Appellants argue that respondents made a single attempt at personal service at Durden's residence, which does not satisfy the requirement of reasonable diligence. The trial court found that respondents made two attempts, once at Durden's residence and once at the Mailbox Depot address provided by Brown, where the process server left the documents. The court concluded that these attempts satisfied the requirement of diligence.

*Ellard v. Conway* (2001) 94 Cal.App.4th 540 (*Ellard*), cited by appellants, is instructive. There, the plaintiffs attempted personal service at the defendants' home, but the process server was told by the gate guard that the defendants had moved. (*Id.* at p. 543.) The plaintiffs contacted the United States Postal Service and obtained a forwarding address for the defendants at the "Postal Annex," a private post office box rental facility. (*Ibid.*) The process server then attempted to serve the defendants at the Postal Annex and was informed by the manager that the defendants received mail there. The process server left the summons and complaint with the manager and mailed a copy of the documents to the defendants at the Postal Annex. (*Ibid.*) On appeal from the denial of the defendants' motion to set aside default judgment, the defendants argued service was improper because the plaintiffs only attempted to personally serve the defendants once and thus were not "reasonably diligent" before resorting to substitute service. (*Id.* at p. 545.) The appellate court disagreed, noting that after learning that the defendants had moved, the plaintiffs were not required to "return to that address two more times and attempt service at a residence where the [defendants] no longer lived." (*Ibid.*) The court found that the plaintiffs had exercised reasonable diligence in attempting personal service at the defendants' residence, then obtaining a

19

forwarding address from the postal service and attempting service at that address.  (*Ibid*)

Similarly, here, respondents attempted to personally serve Durden at his last known address at the apartment complex. The process server stated that he was informed by the person answering the door that Durden no longer lived there, and was provided with forwarding contact information on Durden/McCloud's business card, which listed the Mailbox Depot address.  By Brown's account, he told the process server that Durden was not home, provided the business card, and told the server to contact Durden using the information on the card. Respondents proceeded to attempt service on Durden at the Mailbox Depot address, ultimately leaving the documents with the person apparently in charge there.  We find no error in the trial court's conclusion that respondents exercised reasonable diligence in attempting to serve Durden at "proper" places they believed he was most likely to be found.[6]  Respondents were not required to continue to attempt service at the apartment complex when they had been provided another address by the occupant of that apartment (and possibly also told that Durden no longer lived there).  Once their reasonable attempts at personal service were unsuccessful, respondents were entitled to utilize substitute service.[7]

---

[6] We note that Durden's assertion that it would be easy for respondents to continue to attempt to serve him at the apartment complex because they lived in the unit next door ignores the evidence that respondents moved out of the complex in October 2020.

[7] We reject appellants' argument that the Brown declaration was entitled to greater weight than the written notes from the process server.  This argument was raised for the first

20

Appellants also contend that even if substitute service was warranted, the Mailbox Depot address was not Durden's usual mailing address for his personal mail, and therefore the service did not meet the requirements of section 415.20. Respondents state, and the court found, that they were entitled to treat the Mailbox Depot address as Durden's mailing address after they were directed there by Brown and the business card he provided. We agree. It was undisputed that Brown gave the process server Durden's business card and directed him to contact Durden at the address listed on it. Respondents also presented evidence that Brown told the process server that Durden no longer lived in the apartment complex. In addition, Durden does not dispute that he leased the Mailbox Depot address and received mail there as Valiant's agent. Durden cites no authority that suggests respondents were required to take additional steps to determine another usual mailing address. Under these circumstances, we conclude that the Mailbox Depot address was a "usual mailing address" for Durden within the meaning of section 415.20. (See *Ellard, supra*, 94 Cal.App.4th at p. 546 ["No facts suggest personal or substitute service was available at any other address or on any other individual. Thus, section 415.20, subdivision (b) authorized substitute service on the [defendants] at the private post office box."].)

B.  *Relief under section 473.5*

Section 473.5 authorizes the court to set aside a default or default judgment "[w]hen service of a summons has not resulted

---

time at oral argument and is therefore forfeited. (See, e.g., *Kinney v. Vaccari, supra,* 27 Cal.3d at p. 356, fn. 6.) Moreover, we do not reweigh evidence or assess credibility on appeal. (See *Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246.)

21

in actual notice to a party in time to defend the action." (*Id.*, subd. (a).) A defendant moving to set aside a default or default judgment under section 473.5 must include "an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5(b).)

Appellants correctly observe that an order denying relief under section 473.5 is "'scrutinized more carefully than an order permitting trial on the merits.'" (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1368; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 ["Because the law favors disposing of cases on their merits, 'any doubts . . .' must be resolved in favor of the party seeking relief from default."].) Nevertheless, a motion to vacate a default and set aside judgment "'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant. [Citation.]" (*Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619–620; accord, *Shapell Socal Rental Properties, LLC. v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 212 (*Shapell*); *In re Marriage of King* (2000) 80 Cal.App.4th 92, 118 ["'"'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'" [Citations.]'"].)

Appellants contend that the trial court abused its discretion in finding that they had actual notice of the complaint. We disagree.

The trial court did not find Durden credible when he stated that he received only the notice of entry of default but none of the earlier documents mailed to the same address (with one copy each time for Durden and one copy for Valiant). "Credibility is an issue for the fact finder" (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622), and on appeal "[w]e do not reweigh evidence or reassess the credibility of witnesses" (*Pope v. Babick, supra,* 229 Cal.App.4th at p. 1246).

Moreover, Durden's assertion that this finding "improperly put the burden on Durden to show why he did not receive the prior documents" is not supported by any authority and is therefore forfeited. (See, e.g., *County of Butte v. Emergency Medical Services Authority, supra,* 187 Cal.App.4th at p. 1196, fn. 7.) We also find this contention meritless. It was appellants' burden to demonstrate a right to relief under section 473.5. (See § 473.5(b).) The trial court was not required to accept as true Durden's self-serving declaration. Further, appellants failed to provide any other evidence demonstrating that they lacked actual notice and that their lack of notice was not caused by their avoidance of service or inexcusable neglect. By contrast, the trial court was entitled to credit the evidence provided by respondents showing that they served the summons and complaint by substitute service at the Mailbox Depot, and later mailed other case-related notices to appellants at the same address. As such, appellants have not shown that the trial court abused its discretion in finding that they had actual notice of the lawsuit in

23

time to defend against it and on that basis denying relief under section 473.5.

### C. *Relief under section 473(b)*

Section 473(b) authorizes the court to set aside a default judgment upon a showing that the default resulted from mistake, inadvertence, surprise, or excusable neglect. (See *Shapell, supra,* 85 Cal.App.5th at p. 212, citing *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42.) "The motion for relief must be made within six months after entry of the default, and the party moving to set aside the default has the burden of showing good cause for relief." (*Shapell, supra*, 85 Cal.App.5th at p. 212.) We review an order denying relief under section 473(b) for an abuse of discretion. (*Shapell, supra,* 85 Cal.App.5th at p. 212; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

Appellants have made no showing of a right to relief under section 473. They vaguely state that if this court finds they had notice prior to the entry of default, the court should relieve them of "any mistake they made or neglect attributable to them" because they moved promptly to set aside the default. But in their motion below and their brief on appeal, appellants simply insist that they did not avoid service and that they had no knowledge of the complaint prior to the entry of default. They have provided no evidence supporting a claim of mistake or excusable neglect. As such, the trial court did not abuse its discretion in finding that appellants did not meet their burden to establish a right to relief under section 473(b).

## DISPOSITION

The order denying the motion to set aside the default judgment is affirmed.  Respondents are entitled to their costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, ACTING, P.J.


ZUKIN, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

25