Filed 9/2/25  Wu v. Kang CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MENGXIN WU,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD KANG,<br><br>    Defendant and Appellant. | H052475<br>(Santa Clara County<br> Super. Ct. No. 22CV403540) |

Respondent Mengxin Wu filed this action against appellant Edward Kang and others.  Wu asserted that the summons and complaint were personally served on Kang.  Since Kang did not file a timely responsive pleading, Wu filed and served a request to enter default against Kang, which was ultimately entered by the clerk of the superior court.

Kang filed a motion for relief from default under Code of Civil Procedure sections 473, subdivision (b) (§ 473(b)), and 473.5, subdivision (a) (§ 473.5(a)).[1] The motion was denied, and a formal order was entered.  Kang filed a second motion challenging the default entered against him, which the court denied.  Thereafter, the court entered a default judgment against Kang.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

In his notice of appeal, Kang challenges (1) the prejudgment order denying his second motion for relief from default, and (2) the default judgment (entered *after* the notice of appeal). His argument, however, in his appellate briefs, focuses exclusively on the trial court's order denying his *first* motion for relief from default. Kang contends that the court erred in denying his first motion for relief from default under section 473(b) because he submitted a declaration with his motion stating he had not been personally served with process. He contends further that because he did not receive actual notice of the action in time for him to defend against it, the court erred in denying his motion for relief from default under section 437.5(a).

We conclude that the court did not abuse its discretion in denying Kang relief from default. Accordingly, we will affirm the judgment.

## I.  PROCEDURAL BACKGROUND[2]

On August 23, 2022, Wu filed a complaint alleging eight employment-related causes of action. She named Kang as defendant, along with two entities, Woo Ri Dong Hang and Mykleen Corp. (collectively, the Entity Defendants). Wu alleged in the complaint that Kang was the owner of the two businesses operating under the names of the Entity Defendants.[3]

On April 7, 2023, Wu filed a request for entry of default against Kang. The request contained a proof of service showing it had been served by mail upon Kang. Accompanying the default request was a proof of personal service of the summons and complaint containing a declaration under penalty of perjury by a registered process server stating that Kang had been personally served in Sacramento on February 27, 2023. The clerk of the superior court entered the default on July 20, 2023.

---

[2] There are pleadings of significance that were not included in appellant's appendix. Some of the procedural background derived by this court is from the trial court's order of July 31, 2024.

[3] This appeal is brought on behalf of Kang only. The appeal does not concern default proceedings involving the Entity Defendants.

On August 4, 2023, Kang, as a self-represented litigant, served a motion for relief from default.  (Hereafter, this motion is sometimes referred to as the first motion for relief.)  He asserted multiple grounds for setting aside the default, including that: (1) there was inadvertence, surprise, mistake or excusable neglect warranting relief from default (see § 473(b)); and (2) service did not result in actual notice of the action to Kang in time for him to defend against it (see § 473.5(a)).  Wu opposed the motion.  After a hearing, on October 26, 2023, the court adopted its tentative ruling denying Kang's motion for relief from default.  A formal order denying Kang's motion was filed on February 1, 2024.

On April 15, 2024, Wu submitted a proposed default judgment against Kang.[4]

Thereafter, on a date not disclosed in the record, Kang filed a motion for relief from " 'the default and entry of default that was filed by [Wu] on April 11, 2024, and April 15, 2024, . . . against [Kang].' "  (Hereafter, this motion is referred to as the second motion for relief.)[5]  Wu apparently opposed the motion.  In an order filed July 31, 2024, the trial court denied Kang's second motion.

On August 20, 2024, Kang, individually, filed a notice of appeal.  He recited that he was appealing "[t]he judgment or order" that he stated in the notice was entered on August 19, 2024,[6] and the "[o]rder regarding motion to strike and set aside default [entered on] July 31, 2024."  Kang checked the boxes in the notice indicating he was appealing from a default judgment and from "Other . . . Motion to set aside default entry."

---

[4] The Entity Defendants were included in the proposed default judgment, defaults against them having been entered on April 11, 2024.  According to Kang, a default prove-up hearing occurred sometime prior to April 15, 2024.

[5] Although unclear, the April 11, 2024 default referred to by Kang is apparently to the two defaults entered by the court against the Entity Defendants on that date.

[6] The record does not reflect the existence of any order or judgment that was entered on August 19, 2024.

A default judgment was filed September 4, 2024, in favor of Wu and against Kang and the Entity Defendants in the sum of $155,649.78.

## II. DISCUSSION

### A. Motions for Relief Under Section 473(b)

Under section 473(b), "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The statute permits relief from default, in the discretion of the trial court, upon a showing of the "mistake, inadvertence, surprise, or excusable neglect" of the party or the party's representative. (*Ibid*.; see *Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 989.)[7] The party moving for relief from default under section 473(b) must file the motion within a reasonable time but no longer than six months after entry of the order, and that party bears the burden of establishing the right to the relief. (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928-929.)

"While a request for relief under section 473(b) is entrusted 'largely' to the trial court's discretion [citation], the law strongly favors an exercise of that discretion in favor of granting relief." (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1139.) "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 (*Rappleyea*).)

---

[7] We are not concerned here with the "mandatory relief" provision of section 473(b) (*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 998), which provides: "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . (2) resulting default judgment or dismissal entered against his or her client . . . ." (§ 473(b), italics added.)

An order granting or denying relief from default under section 473 is reviewed for abuse of discretion. " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.] ' "[T]hose affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." ' [Citations.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258.) In a challenge to the denial of a motion for relief from default or default judgment, the appellate court "will not disturb the trial court's factual findings where . . . they are based on substantial evidence. It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828, fn. omitted.)

**B.      Whether Appeal Is Proper**

A threshold concern we must consider is appealability. The notice of appeal expressly mentions the July 31, 2024 order denying Kang's second motion for relief. We will construe the notice of appeal liberally to include a challenge by Kang to the February 1, 2024 order denying his first motion for relief. (See Cal. Rules of Court, rule 8.100(a)(2) ["notice of appeal must be liberally construed"].)[8] Although Kang therefore challenges the trial court's orders denying his two motions for relief, these orders are not appealable. An appeal does not lie from the clerk's entry of default or from an order denying a prejudgment motion to vacate entry of a default. (See *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960.) The prejudgment ruling, however, may be reviewed in an appeal from a judgment subsequently entered in the case. (See *Rappleyea*, *supra*, 8 Cal.4th at p. 981.)

---

[8] Hereafter, all rule references are to the California Rules of Court.

5

Although Kang states in the notice of appeal that he is appealing from a default judgment, that statement is not technically correct. His notice of appeal, filed August 20, 2024, was filed over *two weeks prior to* the entry of the default judgment. However, by prior order of this court, we have deemed Kang's notice of appeal to have been filed on September 4, 2024. (See rule 8.104(d)(2).) We will therefore address the merits of the appeal.

## C. Kang's Burden of Establishing Error

Two guiding principles of appellate review are that the judgment or appealed order is presumed to be correct, and that the burden is on the appellant to demonstrate by an adequate record that the trial court committed prejudicial error. As the California Supreme Court has explained: "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [an appellant's failure to present an adequate record will result in the issue being resolved against the appellant].)

### D. Incomplete Appellate Record Provided by Kang

In the notice designating the record of documents from the trial court to be considered on appeal, the appellant may elect (among other options) to use a clerk's transcript or an appendix. (Rule 8.120; see also rules 8.122, 8.124.) If the appellant elects to use an appendix, he or she is required to include certain documents that are mandatory for a clerk's transcript (rule 8.124(b)(1)(A)), and items "that [are] necessary for proper consideration of the issues, including . . . any item that the appellant should reasonably assume the respondent will rely on" (rule 8.124(b)(1)(B)). Kang elected to proceed by way of an appendix under rules 8.120 and 8.124.

An appellant in the notice designating the record of oral proceedings may elect to proceed by way of a reporter's transcript, agreed statement, or settled statement. (See rule 8.121(b)(1)(C); see also; see also rule 8.120(b).) The record does not disclose whether the relevant proceedings (i.e., hearings on Kang's first and second motions for relief and prove-up hearing on the default judgment) were reported. Kang elected to proceed without a reporter's transcript, agreed statement, or settled statement.

Kang failed to include in the appellant's appendix all documents necessary for consideration of issues he raises here concerning the trial court's orders on his two motions for relief from default.[9] Because Kang did not include a register of actions in his appendix, we are unable to delineate all omitted documents. Kang also omitted from the appendix any moving papers in connection with his second motion for relief. Similarly, Kang omitted from the appendix any opposition by Wu to the second motion for relief. By omitting documents in the appendix necessary to our consideration of his claims, Kang has failed to meet his obligation as the appellant to provide an adequate record.

---

[9] There were at least two documents omitted by Kang that are required under the California Rules of Court to be included in the appellant's appendix: (1) the notice of appeal; and (2) the register of actions. (See rule 8.124(b)(1)(A); see also rule 8.122(b)(1).)

7

(See *Modaraei v. Action Property Management, Inc.* (2019) 40 Cal.App.5th 632, 636, fn. 6.)

### E. Denial of the First Motion for Relief Was Proper

We address the challenge to the court's order denying Kang's August 4, 2023 (first) motion for relief from default. The crux of the challenge to the court's order denying the first motion for relief is service. As observed by Kang in his opening brief, "The sole issue on appeal concerns service of process on [Kang] ." Kang contends that there was no substantial evidence supporting the trial court's finding that Kang was properly served with the summons and complaint.

At the time she submitted her request for default, Wu filed a proof of service signed by a process server indicating that Kang had been personally served with the summons and complaint (and other papers) on February 27, 2023, at 2:20 p.m. at an address on Bronze Star Way in Sacramento. The proof of service included a physical description of the person served. This proof of service was also submitted by Wu in her opposition to the first motion for relief.

Under Evidence Code section 647, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." Since Wu made a prima facie showing of personal service through a declaration of a registered process server, the presumption of Evidence Code section 647 applied. It was therefore incumbent upon Kang here to submit evidence that rebutted the presumption that he was personally served in Sacramento with the summons and complaint on February 27, 2023. (See *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750.) Kang submitted a declaration denying that he had been served with process on February 27, 2023, stating further that he had never been to the Sacramento property where service had allegedly been accomplished. The trial court held that Kang's evidence was insufficient to rebut the Evidence Code section 647 presumption of proper service.

8

The trial court did not err. Contrary to Kang's position, the court "was not required to accept [Kang's denial that he had been personally served that] contradict[ed] the process server's declaration." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390 (*Zara*).) Indeed, where, as is the case here, an issue is decided based upon affidavits (or declarations) submitted by the parties, "the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed." (*Griffith Co. v. San Diego College for Women* (1955) 45 Cal.2d 501, 508.) Therefore, notwithstanding the conflict in the evidence on the issue of service, substantial evidence supports the trial court's determination that Kang was properly served with the summons and complaint, as shown from the declaration of the registered process server. Accordingly, the trial court did not abuse its discretion in denying Kang's first motion for relief. (See *Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1258-1259 (*Manson*) [where the standard of review is abuse of discretion, a trial court's factual findings are reviewed for substantial evidence].)

Additionally, the trial court could have properly found—and did so here—that Kang did not meet at least one of his twin burdens in moving for relief under section 473(b). That is, Kang as the moving party " 'must show a satisfactory excuse for his default, and he must show diligence in making the motion after discovery of the default.' [Citation.]" (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625, italics omitted.)

With regard to showing satisfactory excuse for his default, Kang stated that he was "totally ignorant" about the meaning of a registered agent for service of process, was "not well versed in the legalese," did not know that "[his] corporations [had been] properly

9

served," and would have taken steps to file a response if he had so understood. The trial court properly found that Kang's ignorance of the law was not a satisfactory excuse justifying relief from default under section 473(b). "While a mistake in law is a ground for relief under section 473, the 'issue of which mistake in law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.]' [Citation.] '[*I*]*gnorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief.* [Citations.]' [Citation.]" (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319, italics added; see also *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 428, fn. 18 ["[i]n seeking discretionary relief, clients who represent themselves are held to the same standard of excusable neglect as litigants who are represented by counsel"].)[10]

Moreover, the denial of Kang's first motion for relief under section 473(b) was appropriate for an additional reason. When a party seeks relief from default under section 473(b) from an "order . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect . . . [, the a]pplication for this relief *shall be accompanied* by a copy of the answer or other pleading proposed to be filed therein, *otherwise the application shall not be granted* . . . ." (Italics added; see *Russell v.*

---

[10] Kang argues that he exercised reasonable diligence, asserting that his "application here was timely," and that in any event, Wu showed no prejudice resulting from any lack of diligence in bringing the motion. We have concluded, *ante*, that there was substantial evidence to support the trial court's conclusion that Kang was properly served with process, and, further, the court did not err in concluding that Kang had failed to establish excusable neglect. It is therefore unnecessary for us to consider Kang's additional assertions that he exercised reasonable diligence in filing the first motion for relief and that Wu showed no prejudice resulting from any delay by Kang. (See *Hiser v. Bell Helicopter Textron Inc.* (2003) 111 Cal.App.4th 640, 655 [appellate courts generally "decline to decide questions not necessary to the decision"].)

*Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1731 [§ 473(b) "plainly requires"

applicant to attach proposed pleading to the motion for relief].)  A proposed pleading

accompanying the party's application for relief from default "is mandatory.  [Citation.]

Thus, if a section 473(b) application is not accompanied by a proposed pleading, the

'application *shall not* be granted.'  (§ 473(b), italics added; [citation].)"  (*County of

San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103.)  Kang here submitted

no proposed pleading with his first motion for relief.  Although not stated by the trial

court as a basis for its ruling, the denial of the first motion for relief was proper based

upon Kang's failure to submit a proposed pleading with his motion as required under

section 473(b).

Lastly, Kang contends that the trial court erred in denying the first motion because

he established compelling grounds for relief from default under section 437.5(a), namely,

that he did not receive actual notice of the action in time to defend against it.  Under the

statute, when there has been service of a summons but the party did not receive actual

notice in time to defend the action and a default or default judgment has resulted, the

party may seek relief from default.  (§ 473.5(a).)[11]  The statute "is designed to provide

relief where there has been proper service of summons (e.g., by substitute service or by

publication) but defendant nevertheless did not find out about the action in time to

defend.  Typically, these are cases in which *service was made by publication*.

---

[11] Section 437.5(a) provides:  "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

[Citations.]"  (Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (Rutter Group 2025) ¶ 5:420, original italics.)

As we have discussed, the trial court found that Wu had presented evidence—the proof of service by a registered process server—that Kang was personally served with the summons and complaint in Sacramento on February 27, 2023.  The court concluded that Kang had failed to rebut the presumption that he had received actual notice through such personal service of process.  Notwithstanding Kang's declaration that he was not personally served on February 27, 2023, there was substantial evidence supporting the trial court's finding that Kang received actual notice of the action.  (See *Zara*, *supra*, 199 Cal.App.4th at p. 390 [trial court "was not required to accept" moving party's denial of personal service that was contrary to declaration by registered process server].)  Accordingly, the court did not abuse its discretion by denying relief from default under section 473.5.[12]

The trial court did not abuse its discretion in denying Kang's first motion for relief from default under sections 473(b) or 473.5(a).

F.       Any Challenge to Denial of Second Motion for Relief Is Abandoned

In an order filed July 31, 2024, the trial court denied Kang's second motion for relief.  First, the court concluded that although Kang, in his second motion for relief, referred to a default that was taken against him on April 11 or 15, 2024, no such default occurred on those dates.  It ruled that, to the extent Kang was challenging the prior default entered against him on July 20, 2023, the challenge was not cognizable because it

---

[12] Section 473.5 has the same two procedural requirements of section 473(b) discussed, *ante*, namely, that the moving party must file the motion within a reasonable time (see § 473.5(a); *Schenkel v. Resnik* (1994) 27 Cal.App.4th Supp. 1, 4), and that the moving party's motion be accompanied by a proposed pleading (see § 473.5, subd. (b); *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 862).

constituted a motion for reconsideration of the court's prior February 1, 2024 order denying the first motion for relief; such motion was untimely under section 1008, under which a party may within 10 days of notice of entry of an order may bring a motion for reconsideration based upon new or different facts. Second, the trial court rejected Kang's contention that the default entered against him was improper because he was not served with any notice of damages; the court found that a statement of damages had been served on Kang.[13] Third, the court held that, to the extent Kang in the second motion was seeking an order striking the *proposed* default judgment submitted by Wu, there was no legal authority for the request.

Although the notice of appeal refers to the July 31, 2024 order, Kang makes only a casual reference to it in his opening brief. He recites that after the court's denial of the first motion for relief, he filed "a motion to strike the default," which "motion was also denied." No discussion of the second motion for relief or the order denying it is provided in the opening brief. Further, Kang makes no reference in his reply brief to the second motion for relief or to the July 31, 2024 order denying that motion. Any challenge to that order is abandoned.

"[A] conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of th[e] case, is inadequate. [The appellate court will] . . . treat the issue as abandoned and [will] not address it on the merits." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*); see also *People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8 [appellate courts will not consider perfunctory contentions unsupported by any argument].) Thus, where the appellants presented no argument in their appellate briefs with respect to three of the five challenged orders in

---

[13] The registered process server indicated in her proof of service that, in addition to personally serving Kang with the summons and complaint on February 27, 2023, she also served him with a statement of damages and a civil lawsuit notice.

its notice of appeal, the appellate court treated the appeal of those three orders as abandoned. (See *Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 231, fn. 24 (*Maleti*).)

Kang has failed to present any argument in support of a claim that the trial court erred in denying the second motion for relief. Any challenge to the July 31, 2024 order embraced by the notice of appeal is abandoned. (See *Maleti*, *supra*, 82 Cal.App.5th at p. 231, fn. 24.)

### G. Any Challenge to Default Judgment Is Abandoned

As we have noted, *ante*, Kang filed a notice of appeal in which he specified that his challenge included the default judgment filed by the trial court. That default judgment was in fact filed on September 4, 2024, more than two weeks after Kang's notice of appeal.

In his appellate briefs, Kang makes only four references to the default judgment entered in this case. Neither brief contains specific argument—nor a separate heading delineating such argument—in support of a challenge to the default judgment. These matters are required of the parties in their appellate briefs under the California Rules of Court: "Each brief *must*: [¶] . . . [¶] . . . [s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Rule 8.204(a)(1)(B), italics added; see *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [this briefing rule "is not a mere technical requirement . . . , [but] is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically' " so that the appellate court may determine " 'the exact question under consideration, instead of being compelled to extricate it from the mass' "].) Kang's failure to present any argument in support of a challenge to the default judgment—identified in his notice of appeal—results in the abandonment of that challenge. (See *Maleti*, *supra*, 82 Cal.App.5th at p. 231, fn. 24.)

14

In his reply brief, Kang presents legal authority for the proposition that a judgment against a party who was not properly served with the summons and complaint is void. To the extent that we may infer from Kang's discussion of the law that his argument here is that *the default judgment here* was void because he (by his assertion) was never properly served with process, the apparent argument fails for three reasons.

First, Kang's apparent argument was not made in his opening brief. Generally, it is improper for an appellant to defer raising a contention until the submission of his or her reply brief. (See *People v. Peevy* (1998) 17 Cal.4th 1184, 1206.) Absent appellant's showing of good cause, an appellate court "need not consider new issues raised for the first time in a reply brief." (*In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 214; see also *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant"].) We see no reason to consider Kang's apparent argument, which he deferred until submission of his reply brief, thereby precluding Wu from addressing it.

Second, Kang's apparent argument is undeveloped. We may therefore deem his "conclusory presentation" as resulting in an abandonment of the contention. (*Benach*, *supra*, 149 Cal.App.4th at p. 852.)

Third, Kang's apparent argument is founded on the claim that he was not properly served with the summons and complaint. As we have discussed, *ante*, Wu, in connection with her request for default, submitted a declaration of a registered process server indicating that Kang was had been personally served with the summons and complaint in Sacramento on February 27, 2023, at 2:20 p.m. This created a rebuttable presumption that Kang was properly served with process. (See Evid. Code, § 647.) While Kang submitted a declaration denying proper service, the trial court concluded the evidence was insufficient to rebut this presumption of proper service. The court was not compelled to accept Kang's evidence contradicting the declaration of the registered

process server that he was properly served with the summons and complaint.  (See *Zara*, *supra*, 199 Cal.App.4th at p. 390.)  Because—as we concluded, *ante*—there was substantial evidence supporting the trial court's determination that Kang was properly served with the summons and complaint, it did not abuse its discretion in denying Kang's first motion for relief.  (See *Manson*, *supra*, 188 Cal.App.4th at pp. 1258-1259.)  Thus, any argument by Kang that the default judgment was void because of a claimed lack of proper service likewise fails.

## III.   DISPOSITION

The judgment of default entered on September 4, 2024, is affirmed.  Respondent Mengxin Wu shall recover her costs on appeal.

_____

WILSON, J.

WE CONCUR:

_____

DANNER, Acting P.J.

_____

BROMBERG, J.

***Wu v. Kang***
**H052475**